Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>SUCESIÓN DE ANTONIO VÉLEZ VALLE T/C/C ANTONIO VÉLEZ T/C/C ANTHONY VÉLEZ Y LA SUCESIÓN DE LUZ PÉREZ RAMOS T/C/C LUZ VÉLEZ RAMOS T/C/C LUZ CELENIA RAMOS T/C/C LUZ VÉLEZ COMPUESTAS POR: DIANA VÉLEZ PÉREZ T/C/C DIANA VÉLEZ, Y OTROS<br><br>Demandados<br><br>MUNICIPIO DE ISABELA<br><br>Peticionario | TA2025CE00938 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso número: AG2025CV00311<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# R E S O L U C I Ó N

En San Juan, Puerto Rico, a 21 de enero de 2026.

Comparece ante nos el Municipio de Isabela mediante el recurso de epígrafe y nos solicita que revisemos una *Orden* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, el 26 de noviembre 2025. Mediante esta, el foro primario declaró No Ha Lugar la solicitud de intervención instada por el Municipio de Isabela.

Por los fundamentos que expondremos a continuación, se desestima el recurso de epígrafe por falta de jurisdicción, debido al incumplimiento del Municipio de Isabela con la Regla 33 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 33.

**I**

El 24 de febrero de 2025, el Banco Popular de Puerto Rico (BPPR) presentó la *Demanda* de epígrafe, sobre cobro de dinero y ejecución de hipoteca, en contra de dos sucesiones, a saber: la Sucesión de Antonio Vélez Valle y la Sucesión de Luz Pérez Ramos, compuestas ambas por los mismos miembros (en conjunto, "las sucesiones").[1] El inmueble objeto del gravamen hipotecario es una parcela de terreno que ubica en el Barrio Bejucos del Municipio de Isabela (Municipio).

Luego de una serie de incidencias procesales, el 20 de septiembre de 2025, el foro *a quo* emitió una *Sentencia*, que fue notificada el 2 de octubre de 2025.[2] Mediante esta, declaró con lugar la *Demanda* de epígrafe.

Así las cosas, el 4 de octubre de 2025, el Municipio instó una *Moción de Intervención y Reconsideración*.[3] En esencia, adujo que la propiedad objeto del presente pleito fue objeto de un procedimiento para declaración de estorbo público, llevado a cabo por el Municipio. Así también, que, como parte de dicha declaración, la propiedad ha acumulado una deuda por concepto de gastos administrativos y multas, la cual, al presente, asciende a $117,161.00.[4] Por su parte, el 24 de noviembre de 2025, el BPPR presentó un escrito en el que se opuso a la solicitud de intervención. Así, tras evaluar la postura de las partes, el 26 de noviembre de 2025, el foro primario la declaró No Ha Lugar.[5]

---

[1] Entrada núm. 1 del caso núm. AG2025CV00311 en el Sistema Unificado para el Manejo y Administración de Casos (SUMAC).

[2] Entrada núm. 23 del caso núm. AG2025CV00311 en el SUMAC. Es importante destacar que las Sucesiones que figuran como demandadas en este caso fueron declaradas en rebeldía y emplazadas por edicto. De conformidad con lo anterior, la *Sentencia* emitida se notificó por edicto. Entrada núm. 28 del caso núm. AG2025CV00311 en el SUMAC.

[3] Entrada núm. 25 del caso núm. AG2025CV00311 en el SUMAC.

[4] Nótese que, en virtud de lo anterior, el 23 de octubre de 2025, el Municipio de Isabela instó una *Demanda* sobre expropiación forzosa, en el caso núm. AG2025CV01813, con respecto al bien inmueble objeto del presente litigio. Véase, Entrada núm. 1 del caso núm. AG2025CV01813 en el SUMAC.

[5] Entrada núm. 34 del caso núm. AG2025CV00311 en el SUMAC.

En desacuerdo con el referido dictamen, el **20 de diciembre de 2025**, el Municipio presentó el recurso de epígrafe, en el que señaló que el foro *a quo* cometió el siguiente único error:

> Erró el Hon. TPI al declarar No Ha Lugar la "Moción en Solicitud de Autorización para Intervenir y en Solicitud de Reconsideración".

Por su parte, el 30 de diciembre de 2025, el BPPR presentó una *Moción de Desestimación por Falta de Jurisdicción e Incumplimiento con la Regla 33 del Reglamento de este Honrable Tribunal*. En síntesis, y en lo pertinente, argumentó que el Municipio había omitido notificar la presentación del recurso ante nos a *todas* las partes involucradas en este caso, lo cual incluye a las sucesiones, cuyos miembros fueron declarados en rebeldía.

Así las cosas, el 12 de enero de 2026, emitimos una *Resolución*, que fue notificada al día siguiente. En virtud de esta, le concedimos al Municipio hasta el viernes, 16 de enero de 2026 para acreditar el cumplimiento con la Regla 33 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 33.

En cumplimiento con nuestra orden, el 16 de enero de 2026, el Municipio presentó una *Moción en Cumplimiento de Orden y en Oposición a Desestimación*. En esencia, acreditó haberle notificado la presentación del recurso de epígrafe a las sucesiones, el **15 de enero de 2026**. Sin embargo, argumentó que no le correspondía notificar la presentación del recurso ante sus miembros, dentro del término dispuesto en nuestra Regla 33, *supra*, por tratarse de partes en rebeldía. En ese sentido, razonó que "si los miembros de la sucesión de Antonio Vélez Valle, una vez en rebeldía, no pueden defenderse en el caso ante el TPI, mucho menos pueden hacerlo ante esta Ilustre Curia".

Así, luego de evaluar la postura de ambas partes con respecto al planteamiento jurisdiccional esbozado por el BPPR en la solicitud

de desestimación que presentó en este caso, procedemos a resolverlo.

## II

### A

La jurisdicción es el poder o autoridad que posee un tribunal para considerar y decidir un caso o controversia. *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. ELA*, 211 DPR 521, 529 (2023); *MCS Advantage, Inc. v. Fossas Blanco*, 211 DPR 135, 144 (2023); *Cobra Acquisitions, LLC. v. Municipio de Yabucoa* 210 DPR 384, 394 (2022). Nuestro Tribunal Supremo ha reiterado que los tribunales debemos ser fieles guardianes de nuestra jurisdicción y en que no tenemos discreción para asumir jurisdicción allí donde no la hay. Es decir, la jurisdicción incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank,* 204 DPR 374, 386 (2020); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007). En consecuencia, les corresponde a los foros adjudicativos examinar su propia jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo.,* supra, pág. 883.

La falta de jurisdicción tiene las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011). Por tanto, cuando este Foro carece de jurisdicción, "procede la inmediata desestimación del

recurso apelativo […]". *S.L.G. Szendrey-Ramos v. F. Castillo,* supra, pág. 883.

**B**

Conforme dispone nuestro ordenamiento jurídico, el perfeccionamiento de un recurso de *certiorari,* en lo relativo a su presentación y notificación, está regulado por la Regla 33 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 33. Nuestro Tribunal Supremo ha resuelto que estas disposiciones reglamentarias deben observarse rigurosamente para el correcto perfeccionamiento de los recursos ante los foros apelativos. *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011).

En esencia, aunque el Tribunal Supremo ha rechazado la interpretación y aplicación restrictiva de esta normativa,[6] ello no implica que las partes posean una licencia para soslayar de manera injustificada el cumplimiento con nuestro Reglamento. *Arriaga v. F.S.E.,* 145 DPR 122, 130 (1998). Así pues, el cumplimiento con estos requisitos, bajo ningún concepto, queda al arbitrio de los comparecientes. Más aun, esta norma es de tal envergadura que, de no observarse las reglas referentes al perfeccionamiento de los recursos, el derecho procesal apelativo autoriza su desestimación. *Hernández Maldonado v. Taco Maker,* supra; *Pueblo v. Rivera Toro,* 173 DPR 137, 145 (2008); *Lugo v. Suárez,* 165 DPR 729, 738 (2005).

En lo pertinente, la Regla 33(B) del Reglamento de Apelaciones, 4 LPRA Ap. XXII-B, R. 33(B),[7] dispone la manera en que se presentará y notificará un recurso de *certiorari* y, en lo pertinente, lee como sigue:

(A) […]

(B) Notificación del recurso a las partes

---

[6] Véase *García Morales v. Mercado Rosario,* 190 DPR 632, 639 (2014); *Pérez Soto v. Cantera Pérez, Inc. et al.,* 188 DPR 98, 109 (2013).

[7] Véase *In re Aprob. Enmdas. Reglamento TA,* res. 24 de abril de 2025, 2025 TSPR 42, 215 DPR ___ (2025).

La presentación electrónica de un recurso de *certiorari* constituirá la notificación que debe efectuarse entre abogados y abogadas, así como al Procurador General o a la Procuradora General y al Fiscal de Distrito o a la Fiscal de Distrito en los casos criminales. Una vez se presente el recurso, la plataforma electrónica emitirá una notificación que indicará el nombre y la dirección de correo electrónico de los abogados o las abogadas que fueron notificados(as) de la presentación del recurso. Será responsabilidad de la parte peticionaria corroborar que la información que surja de esta notificación automática sea correcta.

**Será deber de la parte peticionaria notificar el recurso de *certiorari* a las partes que litigan por derecho propio o a cualquier otra parte que sea requerida según las disposiciones legales aplicables**.

**Cuando la notificación electrónica no sea viable, la parte peticionaria notificará la solicitud de *certiorari*, debidamente sellada con la fecha y la hora de presentación, a los abogados o abogadas de récord, o en su defecto, a las partes**, así como al Procurador General o a la Procuradora General, y al Fiscal de Distrito o a la Fiscal de Distrito en los casos criminales, **dentro del término dispuesto para la presentación del recurso. Este término será de cumplimiento estricto. Efectuará la notificación por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal por compañía privada con acuse de recibo. Cuando se efectúe por correo, se remitirá la notificación a los abogados o abogadas de las partes, o a las partes, cuando no estuvieren representadas por abogado o abogada, a la dirección postal que surja del último escrito que conste en el expediente del caso**. Cuando del expediente no surja una dirección, de estar la parte representada por abogado o abogada, la notificación se hará a la dirección que de este o esta surja del registro que a esos efectos lleve el Secretario o Secretaria del Tribunal Supremo. La parte peticionaria certificará el hecho de la notificación en la propia solicitud de *certiorari.* La fecha del depósito en el correo se considerará como la fecha de la notificación a las partes. […] (Negrillas suplidas).

[…]

A la luz de la normativa antes expuesta, procedemos a disponer del caso ante nuestra consideración.

### III

Luego de evaluar la *Moción de Desestimación por Falta de Jurisdicción e Incumplimiento con la Regla 33 del Reglamento de este Honrable Tribunal* instada por el BPPR, así como la *Moción en Cumplimiento de Orden y en Oposición a Desestimación* que presentó

el Municipio, concluimos que procede la desestimación del recurso de epígrafe. Veamos.

Según expusiéramos, la Regla 33 de nuestro Reglamento, *supra*, exige que la parte peticionaria asuma la responsabilidad de notificarle la presentación de un recurso de *certiorari* a cualquier parte involucrada en el caso, cuando esta litigue por derecho propio o cuando, por cualquier razón, no se encuentre representada por abogado. Ello, "dentro del término dispuesto para la presentación del recurso".[8] Si bien la regla aclara que se trata de un término de cumplimiento estricto, debemos recordar que la acreditación de justa causa se hace con explicaciones concretas y particulares que nos permitan concluir que hubo una excusa razonable para la tardanza o la demora.[9]

En el caso de autos, el foro *a quo* notificó la *Orden* recurrida el **26 de noviembre de 2025**.[10] En desacuerdo, el Municipio instó el recurso de epígrafe el **20 de diciembre de 2025**; a saber, en el día número veintitrés (23) del término de treinta (30) días con que contaba para instar el recurso ante nos.[11] Nótese, que dicho término vencía el **29 de diciembre de 2025**. En consecuencia, el Municipio tenía hasta esa fecha para cumplir con el requisito de nuestra Regla 33, *supra*. Sin embargo, omitió notificar a los miembros de las sucesiones, en o antes del 29 de diciembre de 2025.

Así las cosas, como resultado de la *Resolución* que emitimos el 12 de enero de 2026, y que notificamos al día siguiente, el Municipio compareció el 16 de enero de 2026 y acreditó que el **15 de enero de 2026** notificó la presentación del recurso a los miembros de las sucesiones vía correo postal certificado. Es decir,

---

[8] Regla 33 del Reglamento del Tribunal de Apelaciones, *supra*.
[9] Véase, *Soto Pino v. Uno Radio Group*, 189 DPR 84, 93 (2013); *Febles v. Romar*, 159 DPR 714, 720 (2003).
[10] Entrada núm. 34 del caso núm. AG2025CV00311 en el SUMAC.
[11] Véase Regla 32(A) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 32(A).

que les notificó con diecisiete (17) días de retraso, sin acreditar justa causa para tal dilación.

Por el contrario, en la *Moción en Cumplimiento de Orden y en Oposición a Desestimación* presentada, el Municipio se limitó a expresar que no estaba obligado a notificar la presentación del recurso de epígrafe a los miembros de las sucesiones, debido a que se encontraban en rebeldía, por no haber comparecido a los procesos ante el foro primario. No tiene razón.

No solo la Regla 33 de nuestro Reglamento, *supra*, omite exceptuar a las partes en rebeldía del requisito de notificación, sino que el Tribunal Supremo ha reconocido que quienes están en rebeldía tienen que ser notificados de los recursos que se presentan ante este foro apelativo intermedio. En específico, en *González Pagán v. SLG Moret - Brunet*, 202 DPR 1062, 1073 (2019), el Alto Foro expresó, en lo pertinente, lo siguiente: "Es requisito jurisdiccional que la parte peticionaria del recurso notifique la presentación del mismo a todas las partes en el pleito. **Ello incluye a las partes que se encuentren rebeldía**". (Negrillas suplidas).

Así las cosas, no le asiste la razón al Municipio cuando asegura que no estaba obligado a notificar de la presentación del recurso de epígrafe a los miembros de las sucesiones, conforme nuestra Regla 33, *supra*, debido a que están en rebeldía. En consecuencia, y toda vez que no acreditó justa causa para realizar la referida notificación con diecisiete (17) días de retraso, procede la desestimación del recurso ante nos.

**IV**

Por los fundamentos que anteceden, se desestima el recurso de epígrafe por falta de jurisdicción, debido al incumplimiento del Municipio de Isabela con la Regla 33 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 33.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones